Andrew J. BULLOCK, IV, Appellant

v.

Arthur S. KLEIN, Esquire; Kenneth O. Spang, III, Esquire; Scott F. Waterman, Esquire; Marie Rita Gleason, Esquire, individually, and in her capacity as Township Manager of Tredyffrin Township, Chester County, Commonwealth of Pennsylvania; Thomas J. Crandall, individually and in his capacity as purported Board Member of Main Street Village Homeowners' Association; Gerard J. Berger, individually and in his capacity as purported Board Member of Main Street Village Homeowners' Association; Shayna F. Best, individually and in her capacity as purported Board Member of Main Street Village Homeowners' Association; William M. Sunick, Jr., individually and in his capacity as purported Board Member of Main Street Village Homeowners' Association; Donna M. Houghton, individually and in her capacity as purported Board Member of Main Street Village Homeowners' Association; Ronald White, individually and in his capacity as purported Board Member of Main Street Village Homeowners' Association; Christopher Conn, individually and in his capacity as relates to Atlantic Roofing; Sgt. Barrar, Tredyffrin Township Police Department, individually, and in his capacity as Police Officer of Tredyffrin Township; Ofcr. John Doe (1–6), individually and in their capacity as Police Officers of Tredyffrin Township; Capt. Andrew Chambers, individually and in his capacity as Captain of Tredyffrin Township Police Department; Hugh A. O'hare, individually and in his capacity as Chief Building Code Officer of Tredyffrin Township; Thomas J. Foga, Jr., individually and in his capacity as Treasurer of Bryn Mawr Landscaping; Tredyffrin Township, Chester County, Commonwealth of Pennsylvania; Tredyffrin Township Police Department; Main Street Village Homeowners' Association; Penco Management Inc.; Edmund S. Pendleton, individually and in his capacity as President of Penco Management Inc.; Bryn Mawr Landscaping Co. Inc.; Atlantic Roofing Corp; Jim Miller Roofing and Sheet Metal Inc.; James Miller, individually in his capacity as President of Jim Miller Roofing and Sheet Metal Inc; Wisler, Pearlstein, Talone, Craig, Garrity & Potash, LLP.; Black, Stranick & Waterman, LLP; David J. Scaggs, Esquire; Blair H. Granger, Esquire; Blair H. Granger & Associates, P.C.; Ms. Emeline Baldassarree, individually and in her capacity as Building Inspector of Tredyffrin Township, Chester County, Commonwealth of Pennsylvania; Judy L. Difillipo, individually and in her capacity as a Member of the

Board of Supervisors of Tredyffrin Township, Chester Co., Commonwealth of Pennsylvania; Warren E. Kampf, Esquire, individually and in his capacity as a Member of the Board of Supervisors of Tredyffrin Township, Chester Co., Commonwealth of Pennsylvania; Bill Dehaven, individually and in her capacity as a Member of the Board of Supervisors of Tredyffrin Township, Chester Co., Commonwealth of Pennsylvania; Paul J. Drucker, Esquire, individually and in his capacity as a Member of the Board of Supervisors of Tredyffrin Township, Chester Co., Commonwealth of Pennsylvania; Robert W. Lamina, individually and in his capacity as Member of the Board of Supervisors of Tredyffrin Township, Chester Co., Commonwealth of Pennsylvania; Vincent Pompo, Esquire, and in his capacity as Solicitor for Tredyffrin Township, Chester Co., Commonwealth of Pennsylvania; Mark Difeliciantonio, individually and in his capacity as a Member of the Board of Supervisors of Tredyffrin Township, Chester Co., Commonwealth of Pennsylvania; E. Brooks Keffer, Jr., Esquire, individually and in his capacity as Member of the Board of Supervisors of Tredyffrin Township, Chester Co., Commonwealth of Pennsylvania; Elizabeth A. Shingle, individually and in her capacity as Managing Agent for Main Street Village Homeowners' Association; Monika Germono, individually and in her capacity as purported Agent for purported Main Street Village Homeowners' Association; Thomas P. Hogan, Esquire; Sovereign Bank; BACI Brothers Builders Inc.; Arjet Baci; Syrja Baci; Ilir Baci; Judith M. Wetzel, individually and in her capacity as purported Board

Member of Main Street Village Homeowners' Association; Patricia E. Evans; Kathryn Marinick; Don Franceschini.

No. 08–4646.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) July 23, 2009.

Opinion filed: July 31, 2009.

Andrew J. Bullock, IV, Southeastern, PA, pro se.

George H. Knoell, III, Esq., Kane, Pugh, Knoell, Troy & Kramer, Norristown, PA, James W. Christie, Esq., Christie, Pabarue, Mortensen & Young, Walter Weir, Jr., Esq., Weir & Partners, Christopher E. Dougherty, Esq., John J. Hare, Attorney, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, PA, Christopher P. Boyle, Sr., Esq., Marshall, Dennehey, Warner, Coleman & Goggin, King of Prussia, PA, David I. Davis, Esq., David S. Makara, Esq., Davis, Bucco & Ardizzi, Conshohocken, PA, Blair H. Granger, Esq., The Granger Firm, Paoli, PA, Hal A. Barrow, Esq., for Appellee.

Before: McKEE, HARDIMAN and COWEN, Circuit Judges.

## OPINION

PER CURIAM.

Appellant Andrew J. Bullock, IV, appeals from the dismissal of his civil suit pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, we will affirm the district court's judgment.

We assume the parties' familiarity with the facts, as set forth by the District Court in its dismissal order. Essentially, this litigation stems from a disagreement between Bullock and the Main Street Village Homeowners' Association ("the Association") over the Association's replacement of Bullock's roof. Bullock owned and occupied a home in Main Street Village ("Village") which the Association managed. On July 16, 2003, the Association called a meeting of all homeowners to vote on whether to impose a special assessment to finance roof replacements in Main Street Village. Bullock was not allowed to vote, however, because he owed more than $1,000 in dues to the Association. On September 2, 2003, the Association sent a letter to all homeowners in Main Street Village stating that they had "overwhelmingly approved" a special assessment financing and authorizing the roof replacement project.

The Association requested that Tredyffrin Township ("Township") issue permits for the roof replacements for all properties in the Village. Bullock, orally and in writing, requested that the Township not issue a building permit for his house. Despite Bullock's request, the Township issued the permit and Bullock's roof was replaced.

In February 2007, Bullock filed a lengthy complaint in the district court against numerous defendants asserting

claims under federal and state law. In his third amended complaint, Bullock averred that certain Association and Township officials violated his "5th Amendment property rights" by replacing his roof without his permission.[1] The district court, acting on several of the defendants' motions pursuant to Fed.R.Civ.P. 12(b)(6) and, in part, acting sua sponte, dismissed all claims and defendants: 1) for failing to state a claim; 2) for lack of standing; and 3) because several of the claims were criminal claims improperly filed as civil claims. Bullock filed a timely notice of appeal challenging the district court's dismissal.

We have jurisdiction over final orders of district courts under 28 U.S.C. § 1291. Our review of the district court's dismissal of a complaint pursuant to Rule 12(b)(6) is plenary. *McGovern v. City of Phila.*, 554 F.3d 114, 115 (3d Cir.2009). In determining whether a district court properly dismissed a complaint under Rule 12(b)(6), we are required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *See Ashcroft v. Iqbal*, —— U.S. ——, ——, 129 S.Ct. 1937, 1950, 173 L.Ed.2d 868 (2009) (citation omitted).

On appeal, Bullock claims that the district court ignored his Fourteenth Amendment due process claims against Township and Association defendants who were involved with the issuance of the building permits for his roof replacement. Bullock also asserts that he pleaded sufficient facts to state a § 1983 claim that the Township and the Association violated his Fifth Amendment property rights. Finally, Bullock challenges the district court's finding that his claims pursuant to the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–68 ("RICO") are time barred.

▋ Bullock's claims are without merit. To hold a municipality liable under § 1983, Bullock had to show that the Township's official policy or custom caused the deprivation of a federal right. *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). As the district court held, to establish a Fifth Amendment violation, Bullock was required to show that a "taking" occurred. In order to state a "taking claim," Bullock had to allege facts showing that Township infringed on one of his protected property rights. *See Rogers v. Bucks County Domestic Relations Section*, 959 F.2d 1268, 1275 (3d Cir.1992). Here, the Village's "Declaration of Covenants and Easements" explicitly allows the Association to replace Bullock's roof. (Supplemental Appendix 83.) Therefore, because Bullock covenanted away his property right to replace the roof on his home to the Association, his Fifth Amendment claim must fail. *See, e.g., Tuthill Ranch, Inc. v. United States*, 381 F.3d 1132, 1139 (Fed.Cir.2004) (No Fifth Amendment taking claim where optical fiber signal lines are installed within the terms of the original easement).

▋ Further, because the Township's issuance of the building permit did not infringe on Bullock's protected property interest, his procedural due process argu-

---

1. The Fifth Amendment provides in relevant part that "private property [shall not] be taken for public use, without just compensation."

ments relating to the building permit also do not state a claim upon which relief may be granted. *See Burns v. Pa. Dep't of Corr.,* 544 F.3d 279, 285 (3d Cir.2008) ("To prevail on a procedural due process claim, a litigant must show 1) that the state deprived him of a protected interest in life, liberty, or property . . ."). Even if Bullock had a protected interest, the record shows that he was provided with both adequate notice and a reasonable opportunity to be heard. *See Deibler v. City of Rehoboth Beach,* 790 F.2d 328, 331 (3d Cir.1986).

■ Finally, the district court held that Bullock's claims under RICO were time barred. Bullock alleged that certain defendants formed a "RICO Enterprise" on August 8, 2002, around the same time he sent a letter to the Association. Bullock did not file his lawsuit until February 15, 2007. The Supreme Court has held that a four-year statute of limitations applies to all civil actions under the RICO statute. *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.,* 483 U.S. 143, 156, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). A RICO claim accrues, however, not at the time of injury but at the time when the plaintiff discovers the injury. *See Forbes v. Eagleson,* 228 F.3d 471, 484 (3d Cir.2000) (RICO claims begin to accrue when a plaintiff discovers the injury). It is unclear, from the pleadings, when Bullock became aware of the alleged RICO Enterprise. Even if this claim was timely filed, however, the district court properly dismissed the claim as it was not properly pleaded. Because Bullock alleged a RICO cause of action predicated on mail and wire fraud, he was required to plead the circumstances of his

claim with particularity. *See* Fed.R.Civ.P. 9(b); *Lum v. Bank of America,* 361 F.3d 217, 223–24 (3d Cir.2004). Bullock's conclusory mail and wire fraud assertions fall short of this higher standard of pleading. Therefore, we agree with the district court, albeit for a different reason, that Bullock failed to state a RICO claim upon which relief could have been granted.[2]

For the foregoing reasons, we will affirm the judgment of the district court. Appellee Tredyffrin Defendant's motions to expand the record and to file a supplemental appendix are granted. Appellant's motions to file an amended reply brief and to expand the record are also granted.

---

**2.** Bullock requests that we remand to the district court so that he may be given an opportunity to amend his complaint. (Appellant's Reply Br. at 8.) We note that the district court allowed Bullock to amend his complaint three times before granting appellees' motion to dismiss. It is apparent that allowing Bullock leave to amend his complaint further

would have been futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 112–13 (3d Cir.2002) (dismissals of frivolous claims do not require leave to amend due to the long tradition of denying leave to amend under Fed.R.Civ.P. 15(a) when amendment is inequitable or futile).