**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 12-2267
_____

ANDREW J. BULLOCK, IV, INDIVIDUALLY, AND DERIVATIVELY ON BEHALF
OF: MAIN STREET VILLAGE HOMEOWNERS' ASSOCIATION

v.

ARTHUR S. KLEIN, ESQUIRE, INDIVIDUALLY AND IN HIS CAPACITY AS
PURPORTED BOARD MEMBER OF MAIN STREET VILLAGE HOMEOWNERS'
ASSOCIATION; KENNETH O. SPANG, III, ESQUIRE; SCOTT F. WATERMAN,
ESQUIRE; MARIE RITA GLEASON, ESQUIRE, INDIVIDUALLY AND IN HER
CAPACITY AS TOWNSHIP MANAGER OF TREDYFFRIN TOWNSHIP; THOMAS
J. CRANDALL, INDIVIDUALLY AND IN HIS CAPACITY AS PURPORTED
BOARD MEMBER OF MAIN STREET VILLAGE HOMEOWNERS' ASSOCIATION;
GERARD J. BERGER, INDIVIDUALLY AND IN HIS CAPACITY AS PURPORTED
BOARD MEMBER OF MAIN STREET VILLAGE HOMEOWNERS' ASSOCIATION;
SHAYNA F. BEST, INDIVIDUALLY AND IN HER CAPACITY AS  PURPORTED
BOARD MEMBER OF MAIN STREET VILLAGE HOMEOWNERS' ASSOCIATION;
WILLIAM M. SUNICK, JR., INDIVIDUALLY AND IN HIS CAPACITY AS
PURPORTED BOARD MEMBER OF MAIN STREET VILLAGE HOMEOWNERS'
ASSOCIATION; JUDITH B. WETZEL, INDIVIDUALLY AND IN HER CAPACITY
AS PURPORTED BOARD MEMBER OF MAIN STREET VILLAGE
HOMEOWNERS' ASSOCIATION; DONNA M. HOUGHTON, INDIVIDUALLY AND
IN HER CAPACITY AS PURPORTED BOARD MEMBER OF MAIN STREET
VILLAGE HOMEOWNERS' ASSOCIATION; PATRICIA A. EVANS,
INDIVIDUALLY AND IN HER CAPACITY AS PURPORTED BOARD MEMBER OF
MAIN STREET VILLAGE HOMEOWNERS' ASSOCIATION; KATHRYN
MARINICK, INDIVIDUALLY AND IN HER CAPACITY AS PURPORTED BOARD
MEMBER OF MAIN STREET VILLAGE HOMEOWNERS' ASSOCIATION; MAIN
STREET VILLAGE HOMEOWNERS' ASSOCIATION; PENCO MANAGEMENT,
INC.; ELIZABETH A. SHINGLE, INDIVIDUALLY AND IN HER CAPACITY AS
MANAGER AGENT FOR MAIN STREET VILLAGE HOMEOWNERS'
ASSOCIATION; RONALD WHITE, INDIVIDUALLY AND IN HIS CAPACITY AS
AGENT FOR THE PURPORTED BOARD OF MAIN STREET VILLAGE

HOMEOWNERS' ASSOCIATION; MONIKA GERMONO, INDIVIDUALLY AND IN HER CAPACITY AS PURPORTED AGENT FOR PURPORTED MAIN STREET VILLAGE HOMEOWNERS' ASSOCIATION; EDMUND S. PENDELTON, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF PENCO MANAGEMENT, INC.; DONALD FRANCESCHINI, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF PENCO MANAGEMENT, INC.; BRYN MAWR LANDSCAPING CO INC; THOMAS J. FOGA, JR., INDIVIDUALLY AND IN HIS CAPACITY AS TREASURER OF BRYN MAWR LANDSCAPING; ATLANTIC ROOFING CORP.; CHRISTOPHER CONN, INDIVIDUALLY AND IN HIS CAPACITY AS IT RELATES TO ATLANTIC ROOFING; JIM MILLER ROOFING AND SHEET METAL INC.; JAMES MILLER, INDIVIDUALLY AND IN HIS CAPACITY AS PRESIDENT OF JIM MILLER ROOFING AND SHEET METAL INC.; WISLER, PEARLSTEIN, TALONE, CRAIG, GARRITY & POTASH, LLP; BLACK, STRANICK & WATERMAN, LLP.; DAVID J. SCAGGS, ESQUIRE; BLAIR H. GRANGER, ESQUIRE; BLAIR H. GRANGER & ASSOCIATES, P.C.; TREDYFFRIN TOWNSHIP; MS. EMELINE BALDASSARREE, INDIVIDUALLY AND IN HER CAPACITY AS BUILDING INSPECTOR OF TREDYFFRIN TOWNSHIP; TREDYFFRIN TOWNSHIP POLICE DEPARTMENT; ANDREW CHAMBERS, SUPERINTENDENT, INDIVIDUALLY AND IN HIS CAPACITY AS SUPERINTENDENT OF TREDYFFRIN TOWNSHIP POLICE DEPARTMENT; BARRAR, SGT., INDIVIDUALLY AND IN HIS CAPACITY AS POLICE OFFICER OF TREDYFFRIN TOWNSHIP; OFC. JOHN/JANE DOE, INDIVIDUALLY AND IN HIS/HER CAPACITY AS POLICE OFFICER OF TREDYFFRIN TOWNSHIP; HUGH A. O'HARE, INDIVIDUALLY AND IN HIS CAPACITY AS CHIEF BUILDING CODE OFFICER OF TREDYFFRIN TOWNSHIP; JUDY L. DIFILLIPO, INDIVIDUALLY AND IN HER CAPACITY AS A MEMBER OF THE BOARD OF SUPERVISORS OF TREDYFFRIN TOWNSHIP; MARK DEFELICIANTONIO, INDIVIDUALLY AND IN HIS CAPACITY AS A MEMBER OF THE BOARD OF SUPERVISORS OF TREDYFFRIN TOWNSHIP; BILL DEHAVEN, INDIVIDUALLY AND IN HIS CAPACITY AS A MEMBER OF THE BOARD OF SUPERVISORS OF TREDYFFRIN TOWNSHIP; PAUL J. DRUCKER, ESQUIRE, INDIVIDUALLY AND IN HIS CAPACITY AS A MEMBER OF THE BOARD OF SUPERVISORS OF TREDYFFRIN TOWNSHIP; WARREN E. KAMPF, ESQUIRE, INDIVIDUALLY AND IN HIS CAPACITY AS A MEMBER OF THE BOARD OF SUPERVISORS OF TREDYFFRIN TOWNSHIP; E. BROOKS KEFFER, JR., ESQUIRE, INDIVIDUALLY AND IN HIS CAPACITY AS A MEMBER OF THE BOARD OF SUPERVISORS OF TREDYFFRIN TOWNSHIP; ROBERT Q. W. LAMINA, INDIVIDUALLY AND IN HIS CAPACITY AS A MEMBER OF THE BOARD OF SUPERVISORS OF TREDYFFRIN TOWNSHIP; SOVEREIGN BANK

2

Andrew J. Bullock, IV, Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-11-cv-01123)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 2, 2012

Before:  RENDELL, FUENTES and WEIS, Circuit Judges

(Opinion filed: October 26, 2012)
_____

OPINION
_____

PER CURIAM.

Andrew J. Bullock IV, proceeding pro se, appeals from the District Court's

dismissal of his complaint.  For the reasons set forth below, we will affirm.

**I.**

We will assume the parties' familiarity with the facts and recite only those

pertinent to this opinion.  From 1997 to 2007, Bullock owned a home that was managed

by the Main Street Village Homeowners' Association (the "Association").  Several

incidents occurred during that time period, ultimately ending with the foreclosure and

Sheriff's sale of Bullock's home.  As a result, Bullock filed his first complaint against

fifty-six defendants, asserting federal and state law claims.  The District Court dismissed

the federal claims for failure to state claim upon which relief could be granted, lack of

standing, and because three of them were criminal in nature. The state law claims were then dismissed pursuant to 28 U.S.C. § 1367. We affirmed. Bullock v. Klein, 341 F. App'x 812, 816 (3d Cir. 2009).

Bullock then filed, on February 15, 2001, another action against forty-five of the same defendants from his previous case. His complaint alleged substantially the same facts and claims as before, along with a derivative claim on behalf of the Association. The defendants filed motions to dismiss, arguing that Bullock's complaint should be dismissed under the doctrine of res judicata. The District Court agreed. (Dkt. No. 45.) Bullock timely appealed the dismissal of his complaint.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's "application of res judicata to bar the appellant's claims." Huck ex rel. Sea Air Shuttle Corp. v. Dawson, 106 F.3d 45, 48 (3d Cir. 1997).

Bullock argues that "res judicata does not apply" because "[f]raud upon the court allows any court to treat any previous case as a nullity." (Appellant's Br. at 3.) All of the appellees argue that the District Court properly applied the doctrine of res judicata. We agree.

Three elements must be established to prevail on a motion seeking to invoke res judicata: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010). Res judicata "bars not only claims that

4

were brought in a previous action, but also claims that could have been brought." In re

Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008).

In the prior case, Bullock alleged that certain parties, who are attorneys, committed a fraud upon the state court that prompted the Sheriff's sale of his home. The District Court, while not specifically mentioning "fraud upon the court," nonetheless dismissed the claim pursuant to Federal Rule of Civil Procedure 12(b)(6). We then affirmed the District Court's decision. In this case, Bullock alleged that the same parties perpetrated the same fraud, based upon the same set of facts. The District Court, again without specifically naming the claim, dismissed Bullock's complaint.

The District Court properly held that Bullock's claims are barred by the doctrine of res judicata. The dismissal of Bullock's first complaint for failure to state a claim constituted a final judgment on the merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981). Next, the second case indisputably involved the same parties as the first. Finally, the subsequent suit that generated this appeal was based on the same cause of action, as the claims are virtually identical and arose out of the same set of facts. [1]

As his claims were already pursued in a prior suit, Bullock is precluded from raising them again. See Allen v. McCurry, 449 U.S. 90, 94 (1980) ("Under res judicata, a

---

[1] Though Bullock brought a derivative claim on behalf of the Association that was not asserted in the first action, it does not undercut the application of res judicata, as it could have been raised in the previous case. Mullarkey, 536 F.3d at 225.

final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). Given the "identity of facts, claims and parties" found between the first and second cases, the District Court properly dismissed Bullock's complaint. Huck, 106 F.3d at 51.

Bullock argues that "the claim of Fraud Upon the Court" has never been addressed. (Appellant's Br. at 3.) We disagree. The claim was dismissed pursuant to Rule 12(b)(6) in his first case, and was barred by the doctrine of res judicata in his second. In any event, Bullock did not make any allegations that "meet the demanding standard for fraud upon the court," which is justified only by "the most egregious misconduct directed at the court itself," and must be "supported by clear, unequivocal and convincing evidence." Herring v. United States, 424 F.3d 384, 387 (3d Cir. 2005).

**III.**

Appellees Atlantic Roofing Corporation and Christopher Conn request that we impose sanctions on Bullock, pursuant to Federal Rule of Appellate Procedure 38. That rule permits an award of damages and single or double costs to an appellee if we determine that the appeal is "frivolous." Fed. R. App. P. 38. We employ "an objective standard" in determining whether an appeal is frivolous, and only impose damages under Rule 38 when an appeal is "wholly without merit." Mellon Bank Corp. v. First Union Real Estate Equity & Mortg. Invs., 951 F.2d 1399, 1414 (3d Cir. 1991). Because the issue of fraud upon the court was not specifically mentioned by the District Court, Bullock had "at least a colorable argument" in favor of his appeal, and we will not

6

impose Rule 38 damages.  <u>Id.</u>  Though we will deny the motion for sanctions, we will tax costs against Bullock under Federal Rule of Appellate Procedure 39.  <u>See</u> Fed. R. App. P. 39(a)(2).

**IV.**

For the foregoing reasons, we will affirm the decision of the District Court dismissing Bullock's complaint.  The motion for sanctions is denied.